<hr/>

THOMAS CROSS *v.* JAMES S. CLARKSON, ETC.

**Deeds—Acknowledgment—Certificate of—County Judge's Seal.**

.·The certificate of the acknowledgment of the deed does not show that the judge himself affixed to it the seal of his court, nor that he caused it to be done by the clerk thereof. The clerk verifies his own certificate by his official seal and not by the seal of the county court. The two seals may be one and the same, but it is necessary under the law that it shall in some way affirmatively appear that the certificate of the judge is made under the seal of his court.

APPEAL FROM KENTON CIRCUIT COURT.

September 16, 1872.

OPINION BY JUDGE LINDSAY:

Appellant insists that as judges are not usually the custodians of the seals of their courts it is sufficient under the provisions of the 17th section of chapter 24, Revised Statutes, for them to cause such seals to be affixed to their certificates by the officers having them in legal custody.

The certificate of the acknowledgment by Mrs. Clarkson of the deed to Rich does not show that the judge himself affixed to it the seal of his court, nor that he caused it to be done by the clerk thereof, and the clerk verifies his own certificate by his official seal and not by the seal of the county court. The two seals may be one and the same, but it is necessary under the law that it shall in some way affirmatively appear that the certificate of the judge is made under the seal of his court. From the certificate of the clerk it does not even appear that he is the clerk of the court over which the judge presides nor, indeed, of any court, considering everything appearing upon the conveyance, it cannot be adjudged that the certificate of the judge of the county court is in any way verified by the seal of his court.

The defect in the attestation of the instrument is a substantial one, and authorized the chancellor to hold that the attempted conveyance did not divest the mother of the appellants of her title to the real estate therein described.

Judgment affirmed.

*Benton, R. D. Handy, for appellant.*